**Mohammad Basid KAREEMI,**
**Petitioner,**

v.

**BOARD OF IMMIGRATION**
**APPEALS OF the UNITED**
**STATES, Respondent.**

No. 05–3545–ag.

United States Court of Appeals,
Second Circuit.

July 20, 2006.

Thomas H. Nooter, Freeman, Nooter, & Ginsberg, New York, N.Y., for Petitioner.

Andrew M. McNeela, Assistant United States Attorney, Of Counsel, for Michael J. Garcia, United States Attorney for the Southern District of New York (Ross E. Morrison, Assistant United States Attorney, Of Counsel, on the brief), New York, N.Y., for Respondent.

Present: ROSEMARY S. POOLER, RICHARD C. WESLEY, PAUL R. MICHEL,[1] Circuit Judges.

### SUMMARY ORDER

Petitioner Mohammad Basid Kareemi appeals from a June 21, 2005, decision of the BIA reversing an IJ's decision granting Kareemi deferral of removal under the Convention Against Torture (CAT). Kareemi does not appeal the BIA's decision denying withholding of removal, asylum, and withholding of removal under CAT because Kareemi is statutorily ineligible for these forms of relief, and we affirm this portion of the BIA's decision. *See Gui Ci Pan v. U.S. Att'y Gen.*, 449 F.3d 408, 414 (2d Cir.2006) (per curiam) (noting that arguments not raised in briefs are waived). We do, however, vacate and remand the portion of the BIA's decision denying deferral of removal under CAT.

1. The Honorable Paul R. Michel, Chief Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

The BIA reached this decision after finding that the record was devoid of evidence establishing a governmental nexus between Pakistani officials and the torture Kareemi would likely face if returned to Pakistan. We do not agree. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

To establish a CAT claim, a petitioner must show that she is more likely than not to be tortured if returned to her country. *See Mu–Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir.2003). All relevant evidence must be considered in deciding a petitioner's CAT claim. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 184 (2d Cir. 2004). If credible, petitioner's testimony alone may be sufficient to sustain this burden of proof. *See* 8 C.F.R. § 208.16(c)(2). Although petitioner may provide Country Condition Reports and other similar evidence to corroborate her claim, she must also adduce sufficient evidence particularized to her. *Mu Xiang Lin v. DOJ*, 432 F.3d 156, 160 (2d Cir.2005). Moreover, petitioner must meet her burden with objective evidence regarding the likelihood of future conduct. *Xiao Ji Chen v. DOJ*, 434 F.3d 144, 163 (2d Cir.2006).

Petitioner must also show that such torture will be intentionally inflicted "by or at the instigation of *or with the consent or acquiescence of* a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1); *Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir.2004) (emphasis added). "Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." 8 C.F.R. § 208.18(a)(7). It is not sufficient for a petitioner to show merely that one rogue government official will inflict the torture. *See Mu–Xing Wang*, 320 F.3d at 144. However, the governmental nexus is satisfied when "government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it." *Khouzam*, 361 F.3d at 171.

■ We review the BIA's decision to deny CAT relief for substantial evidence, *see Mu Xiang Lin*, 432 F.3d at 159, and find that the BIA has failed to meet this standard. In holding that Kareemi was not entitled to CAT relief, the BIA misapplied, inter alia, *Khouzam* by concluding that any torture Kareemi would likely experience was not connected to the Pakistani government, despite much evidence to the contrary.

As the IJ found, Kareemi provided credible testimony regarding the interconnected nature of the many individuals about whom he testified and their connections to the Pakistani government—specifically, the police and military. For instance, he testified that Khalid Chowdhury is a journalist with many connections to the police. He also testified that Mohammed Ali has threatened Kareemi already, and Ali's brother is a colonel in the Pakistani Army. Kareemi testified that Rana Mostafa, who is a colonel in the Pakistani Army, assisted Kareemi in smuggling the drugs and will torture him if he returns. Finally, he testified that Ijaz Khan, a friend of Khalid Chowdhury, has a torture chamber, and the "[Pakistani] government is aware of these torture cells and ignores [them]." Kareemi Supp. Statement, Joint Appx. at 350. The IJ found Kareemi credible, and the BIA did not reverse this finding.

Kareemi's testimony was corroborated by Agent Brian Hurwitz who provided additional information about another individual in the Pakistani government, David Abrahim, who would likely know about Kareemi's cooperation with the United States government. Kareemi also submit-

ted an affidavit from his sister who lives in Pakistan, which states that Kareemi's family receives threatening phone calls inquiring about Kareemi's whereabouts and threatening to torture and kill him.

Kareemi further verified his claims by admitting the United States Department of State Report, which states that many Pakistani police are corrupt, and individuals in police custody have often been killed as a result. It also states that police may inflict torture for their vendettas with impunity from the Pakistani government.

Finally, Kareemi provided the opinion of a scholar, John Adams, who analyzed the *particular* circumstances of Kareemi's case and asserted that Kareemi is likely to be tortured if he is returned to Pakistan. According to Adams, the individuals who Kareemi implicated have connections to the Pakistani Army.

We find that Kareemi's testimony (which the IJ found credible), coupled with the State Department Report and the Adams affidavit, is sufficient to show that Kareemi would more likely than not be tortured by, or with the acquiescence of, government officials. Because "the record evidence was so compelling that no reasonable factfinder could fail to find [petitioner] eligible for . . . relief under the Convention Against Torture," *Mu Xiang Lin*, 432 F.3d at 159 (internal quotation marks omitted), we vacate and remand the decision of the BIA. However, we do so only as to the decision denying Kareemi deferral of removal under CAT. We affirm the BIA's decision denying withholding of removal, asylum, and withholding of removal under CAT because Kareemi is statutorily ineligible for these forms of relief.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for-

Accordingly, for the reasons set forth above, the judgment of the BIA is hereby **AFFIRMED in part** and **VACATED in part,** and the case **REMANDED** to the BIA.